## ALFRED JACOBS' EXRS. ET AL. *v.* JAMES FORD.

**Filing Amended Answer and Cross-Petition.**

A defendant, in a suit for settlement between partners, after the plaintiff has given his deposition on application, should be allowed to file an amended answer and cross-petition for the purpose of conforming the pleadings to the facts proved; and when he is not allowed to do so he should not be criticised for failing to prove material facts not probable under the pleadings on file. In a settlement between partners where there are a large number of items, the court should refer the case to a commissioner for examination.

APPEAL FROM BOURBON CIRCUIT COURT.

February 26, 1881.

OPINION BY JUDGE HARGIS:

Dixon, Jacobs and the appellee, Ford, as a silent partner, formed a partnership for the purpose of buying cattle and shipping them to New York, under the firm name of Dixon & Jacobs. They seem to have bought and sold cattle to the extent of about $100,000. On the 3d day of December, 1875, they undertook to make a full settlement of the partnership affairs, with the mutual agreement to correct any errors or mistakes that might be committed in the settlement.

The appellee claims that they fully settled, and on that day it was ascertained the partnership had sustained a loss of $4,649.52, one-third of which, amounting to $1,549.50, was charged to him, and that he had paid out for the firm $3,540.21 in excess of the sum expended for it by his co-partners. After deducting his share of the loss from the excess paid by him, there was due to him $1,991.21, for which Dixon and Jacobs gave him their joint check, which he immediately indorsed for a valuable consideration to the Northern Bank of Kentucky at Paris.

The appellants shortly afterwards notified the drawee-not to pay the check, and it was regularly protested; thereupon the Northern Bank instituted an action upon it against Dixon, Jacobs and Ford. Subsequently Ford discharged a personal judgment rendered against him by default in favor of the bank, and in an amended answer claims the amount he paid the bank against the appellants.

Hereafter the question raised as to the faith of the transaction between Ford and the bank will not be noticed, as the final result of the litigation must determine which party shall pay its costs, in which it is not now interested.

The appellants filed an answer and cross-petition, in which they aver that the settlement of December 3, 1875, contained several errors and mistakes against them amounting to more than the check of $1,991.21. The appellee gave his deposition on the 9th of April, 1877, and on the 20th appellants moved to be allowed to file an amended answer and cross-petition. Their motion was overruled, to which they excepted, and at the next term renewed the motion to file their former and an additional amendment, which was denied, and they again excepted. On the 27th of April, 1878, they offered an additional amendment for the alleged purpose of conforming the pleadings to the facts proved, but this was also refused, and at the

following April term, 1879, judgment was rendered for the appellee for $1,442.21, with interest from the date of the check, from which judgment the appellants prosecute this appeal. Pending the suit Alfred Jacobs died, and it was revived against his personal representative. As to John Jacobs it was adjudged that he was not a partner.

The appellee admits that there was a mistake of six cattle worth $549, which he did not account for in the settlement. It appears in the rejected amendments and by the appellee's testimony that on the 28th of September, 1875, there were purchased 32 cattle of Harrison Berry at the price of $3,010.90, and 16 cattle of Laban Becraft at $1,242.72. It is substantially alleged in those amendments that Dixon and Jacobs, before these purchases were made, sent to appellee a check for $5,000, out of which he paid Berry the price of his cattle, but did not pay Becraft for his. It is sufficiently shown that Dixon and Jacobs, on the 18th of October, 1875, gave to appellee a check for $1,242.72, the exact price of Becraft's cattle, to whom the appellee indorsed it in payment for the 16 cattle bought of him. What appellee did with the remainder of the $5,000 check, of date September 27, 1875, after paying Berry, does not appear, nor does he attempt to explain what he did with it. So it is very clear, as the record now stands, that the appellee should be charged with the remainder of that check, amounting to $1,989.10, with interest from the date of the check.

In his deposition the appellee testifies that all the proceeds of sale of all the cattle by the firm went into the hands of Dixon and Jacobs, and that he did not receive a cent in any way from the sales. But they allege, in effect, in their amendment last tendered, that the appellee received for sales of partnership cattle the sum of $4,087.19 on the 30th of August, 1875, from H. B. Burchard, and exhibited his check to the appellee for that sum. Without denial or explanation the appellee should be charged with the amount of that check, which shows he indorsed it, and, the inference is, received the money on it. The evidence establishes the fact that John Jacobs was an employe of the firm, and each partner should be compelled to pay an equal amount of the value of his labor.

The appellee in his deposition denies that there were 89 cattle in a lot bought of Harry Berry, which were shipped about the 19th of October, 1875, but says there were 87, and two purchased from Stoner made the 89, and that the Berry cattle cost $8,522 and

Stoner's $174.50, which would make a total of $8,696.50. But Dixon and Jacobs aver in the amendment offered April 20, 1877, that appellee received 89 cattle, and exhibit a quotation from an alleged letter of appellee acknowledging that there were 89 of the Berry cattle. If he wrote the letter some explanation, at least, is necessary as to the two cattle, or he should be charged with their value.

There are a number of other items claimed by appellants, and a claim upon the part of appellee for what is termed "draw backs," and some indications of a further claim on his part as to other items, none of which, however, will be considered on account of the unsatisfactory condition of the pleadings and proof.

As the court refused to allow any of the amendments offered by appellants to be filed, and rejected all the evidence irrelevant to the matter set out in the cross-petition of the appellee, no presumption should be indulged against him because of his failure to offer any explanation of the remainder of the check for $5,000 given to him by Dixon and Jacobs, and the Burchard check, until he be allowed an opportunity to answer the appellants' amendments and prepare his cause.

Wherefore the judgment is *reversed* and cause remanded with directions to allow appellants to file the rejected amendments, and, with a view of settling the partnership transactions, permit either party to file an appropriate pleading for that purpose, and refer the cause to a commissioner, with power to make a full report thereon, and for further proceedings not inconsistent with this opinion.

*Cunningham & Turney, for appellants.*

*W. H. Cord, J. B. Houston, for appellee.*